IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**GEORGE WACKENHUT,** *et al.*, )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-582-JPG** |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 together with a civil action pursuant to 42 U.S.C. § 1983. However, Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1). Although Plaintiff does include a signed statement of the monthly average in his accounts for six months, this is insufficient for the Court to grant *in forma pauperis* status and calculate an initial partial filing fee.

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint, *meaning an account statement showing all financial transactions in the Plaintiff's trust fund account for the six months prior to the filing of the complaint*. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of

his prison trust account statement from each such facility and to forward it to the Court.  Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

      **IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

      **IT IS SO ORDERED.**

      Dated:  October 17, 2006

                                                          s/ J. Phil Gilbert
                                                          **U. S. District Judge**