IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,<br><br>      **Plaintiff,**<br><br>vs.<br><br>GEORGE WACKENHUT, GEORGE ZOLEY, CLIFF CAVINS, MICHAEL GREENWAY, SGT. HEREN, FRED BALLARD, SGT. HELMS, JASON CASPER, B. BASS, ROB FURLOW, and GEO GROUP, INC.,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL NO. 06-582-JPG**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Kenosha County Jail in Kenosha, Wisconsin, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS

This action is before the Court on Plaintiff's motions to proceed *in forma pauperis* (Docs. 3, 27, and 28). The Court finds that Plaintiff, an inmate currently incarcerated in the Kenosha County Jail, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing** fee applicable to this civil action as follows:

1. Plaintiff has been without funds for six months and is currently without funds, and he appears to have no means currently with which to pay an initial partial filing fee. Accordingly, the Court will not assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Warden at the Kenosha County Jail *upon entry of this Order*.

### THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

**FACTUAL BACKGROUND**

Based on the allegations in Plaintiff's complaint, the Court has gleaned the following. While Plaintiff was detained in the Tri County Detention Center in Ullin, Illinois, he witnessed a detainee, Mario Estrada, assault another detainee, James Watts, causing Watts great bodily harm. Defendant Furlow interviewed Plaintiff during an investigation of the assault. Plaintiff was later interviewed by Defendant Greenway and was asked by him to make a statement that he did not see the assault. Plaintiff told Defendant Greenway that he would not make such a statement. Defendant Greenway then told Plaintiff that Defendants Ballard and Cavins ordered Greenway to move Plaintiff to C-pod for his refusal. Plaintiff resisted the assignment because C-pod was not handicap accessible and because another inmate, Ali Ahmed, who had previously assaulted Plaintiff, was housed there. Defendant Greenway told Plaintiff he would look for another housing assignment for him and left, but he never returned. Plaintiff states that he was assigned him to a handicap inaccessible unit in retaliation for his refusal to lie in his witness statement. Plaintiff states that five other inmates who made false statements regarding the assault were moved to a secured pod. Defendant Greenway also wrote a disciplinary report against Plaintiff for disobeying an order. As a result, Plaintiff was disciplined with ten days in lock down between November 19 and 29, 2005. During this time he was denied showers and religious services.

Plaintiff states that later he was placed in an administrative segregation unit where he was exposed to tuberculosis- and HIV-infected detainees. After he complained, Norma Jean Strauss (not a defendant) gave him tuberculosis shots. Plaintiff also states that Defendants Ballard, Casper, Heren, and Cavins denied him visitation with his step mother, telling him that the denial was

because Plaintiff was a threat to the safety of the institution and informing him that he would have to obtain a legal document from a federal court in order to visit with his step mother. All of these actions were taken in retaliation for Plaintiff's refusal to sign the false statement and for prior grievances and lawsuits against unspecified defendants.

### LEGAL STANDARDS

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these legal standards, Plaintiff's retaliation claims cannot be dismissed at this point in the litigation.

### DEFENDANTS

A word about Defendants is in order, however. Plaintiff makes specific claims against only Defendants Furlow, Greenway, Ballard, Cavins, Casper, and Heren. Plaintiff also lists George Wackenhut, George Zoley, Sgt. Helms, B. Bass, and GEO Group, Inc. as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name

in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Consequently, these Defendants must be dismissed from the action because Plaintiff has not stated any claims against them. In addition, as to GEO Group, the Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case unconstitutional retaliation, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not alleged that it was any policy or practice of GEO Group to retaliate against detainees for exercising their constitutional rights. Accordingly, Plaintiff may proceed against Defendants Furlow, Greenway, Ballard, Cavins, Casper, and Heren. Defendants Wackenhut, Zoley, Helms, Bass, and GEO Group, Inc., are **DISMISSED** from the action.

### DISPOSITION

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants *Furlow, Greenway, Ballard, Cavins, Casper, and Heren* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **6** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for**

**that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Furlow, Greenway, Ballard, Cavins, Casper, and Heren*.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Furlow, Greenway, Ballard, Cavins, Casper, and Heren* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Tri-County Detention Center who no longer can be found at the work address provided by Plaintiff, the facility shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

- 7 -

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

## PENDING MOTIONS

Currently pending before the Court are Plaintiff's three motions to appoint counsel (Docs. 4, 17, and 18), Plaintiff's motion to amend the complaint (Doc. 18), Defendant GEO Group Inc.'s motion to dismiss (Doc. 23), and Plaintiff's motion for an extension of time to file a response (Doc. 25).

Plaintiff's three motions for appointment of counsel (Docs. 4, 17, and 18) are **REFERRED** to the magistrate judge for disposition.

As to Plaintiff's motion to amend the complaint,

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served. A motion to dismiss does not constitute a responsive pleading for purposes of Rule 15(a); thus, an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right. *See Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988) (per curiam); *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972 (7th Cir. 1991).

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). However,

> [a]mended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Plaintiff's motion does not conform to the local rule in that Plaintiff does not include with the motion to amend a proposed amended complaint that contains all claims against all defendants. Consequently, Plaintiff's motion to amend (Doc. 18) is **DENIED**. If Plaintiff wishes to amend the complaint, he may file another motion so requesting that conforms to the federal and local rules.

Defendant GEO Group Inc.'s motion to dismiss (Doc. 23) is **DENIED as moot** because the Court has already dismissed GEO Group Inc. as a defendant from the action. Accordingly, Plaintiff's motion for an extension of time to file a response (Doc. 25) is also **DENIED as moot**.

**IT IS SO ORDERED.**

**Dated: November 21, 2006**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**